FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2012 JUN -7 PM 3: 30

U.S. DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DISNEY ENTERPRISES, INC.,

    Plaintiff,

v.

ELENA MARIA TARANO d/b/a
ORLANDOTICKETTIPS d/b/a
ORLANDO TICKET KINGS,

    Defendant.

Case No. 6:12-cv-860-ORL-28GJR

COMPLAINT FOR COPYRIGHT
INFRINGEMENT; TRADEMARK
INFRINGEMENT; UNFAIR
COMPETITION; TORTIOUS
INTERFERENCE WITH
CONTRACT

## COMPLAINT

Plaintiff Disney Enterprises, Inc. ("Disney") for its Complaint alleges as follows:

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### INTRODUCTION

1.    Plaintiff files this action to combat the willful display, marketing, distribution, offer for sale and sale of invalid Disney Theme Park tickets in conjunction with Disney Enterprises, Inc.'s copyrights and trademarks. Defendant is the owner, operator, and manager of a series of theme park ticket purchase and resale businesses that are selling invalid nontransferable multi-day Disney Theme Park tickets to unsuspecting purchasers. The invalid nontransferable multi-day Disney Theme Park tickets are sold and marketed in conjunction with signage bearing Disney Enterprises, Inc.'s copyrights and trademarks so as to further

confuse and delude the buying public that the invalid tickets are authorized and/or approved by Disney Enterprises, Inc. (collectively "Infringing Product").

2.      Plaintiff seeks a permanent injunction, damages, costs, and attorneys' fees as authorized by the Copyright Act, Lanham Act and Florida common law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as Disney Enterprises, Inc.'s causes of action arises under The Copyright Act, 17 U.S.C. § 101 and the Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et seq. Further, this Court has supplemental jurisdiction over Disney Enterprises, Inc.'s Florida state common law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

### Plaintiff

5.      Disney is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

6.      Disney is a subsidiary of The Walt Disney Company (the "Company"). The Company, together with its subsidiaries, is a diversified worldwide entertainment company with operations in five business segments: Media Networks, Parks and Resorts, Studio Entertainment, Consumer Products and Interactive Media. The Media Networks segment is comprised of international and

2

domestic cable networks and its broadcasting business. The Parks and Resorts segment owns and/or operates resorts and theme parks around the world including but not limited to the Walt Disney World Resort, the Disneyland Resort and the Disney Cruise Line. The Company also licenses the operations of the Tokyo Disney Resort in Japan. The Imagineering unit designs and develops new theme park concepts and attractions as well as resort properties. The Studio Entertainment segment produces and acquires live-action and animated motion pictures, direct-to-video content, musical recordings and live stage plays.  The Consumer Products segment engages with licensees, manufacturers, publishers and retailers throughout the world to design, develop, publish, promote and sell a wide variety of products based on existing and new characters and other Company intellectual property through its Merchandise Licensing, Publishing and Retail businesses. The Interactive Media Group creates and delivers branded entertainment and lifestyle content across interactive media platforms, primarily the production of multi-platform games for global distribution, and Online, which produces internet websites in the United States and internationally

7.    A significant aspect of Disney's business is the merchandising and licensing of distinctive elements associated with its motion pictures and television programs including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Donald Duck, Daisy Duck, Goofy and Pluto, as well as from Disney's animated motion pictures, including, but not limited to, "Pinocchio," "The

Lion King," "Aladdin," "Beauty and the Beast," "The Little Mermaid," "Snow White and The Seven Dwarfs," "Pocahontas," "Hunchback of Notre Dame," "Hercules," "Mulan," "Toy Story," "The Emperors New Groove," and "Lilo and Stitch. Disney also jointly owns the copyrights to the feature movies "A Bug's Life," "Tarzan," "Monsters, Inc.," "Finding Nemo" and "The Incredibles" (hereinafter collectively referred to as "Disney Copyrighted Movies and Characters").

8.      Each of the Disney Copyrighted Movies and Characters noted in the above paragraph is covered by a copyright registration with the U. S. Copyright Office. Registrations concerning these marks are indexed as Exhibit "A". Various copyright registrations were made in the name of Walter E. Disney. In October 1934, Walter E. Disney assigned his copyrights to Walt Disney Productions Ltd. ("WDPL"), and filed a copy of such assignment ("The Assignment") with the Copyright Office. In September 1938, WDPL and Walt Disney Enterprises ("WDE") and Liled Realty and Investment Company, Ltd., were consolidated into Walt Disney Enterprises. A copy of the consolidation agreement was filed with the Copyright Office. In December 1938, pursuant to an amendment to its articles of incorporation, Walt Disney Enterprises changed its name. A copy of the 1938 certificate of amendment of the articles of incorporation ("The 1938 Name Change") to Walt Disney Productions ("WDP") was filed with the Copyright Office. In February 1986, pursuant to an amendment to its articles of incorporation, WDP changed its name to The Walt Disney Company. A copy of the 1986 certificate of

4

amendment ("The 1986 Name Change") was filed with the Copyright Office. In February 1996, pursuant to further amendment to its articles of incorporation, The Walt Disney Company again changed its name to Disney Enterprises, Inc. A copy of the 1996 certificate of amendment ("The 1996 Name Change") was filed with the Copyright Office.

9.      Disney also owns all rights, title, and interest in and to, and holds the exclusive rights to market and sell merchandise bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and related to the Disney Characters (hereinafter the "Disney Device Marks"). Disney adopted one or more of the Disney Trademarks for diverse articles and registered their trademarks with the United States Patent and Trademark Office.

10.     Disney also owns all rights, title and interest in and to, and holds the exclusive rights to market and sell services and merchandise bearing the marks "DISNEY," "DISNEYLAND," "WALT DISNEY WORLD," and "DISNEY CRUISE LINE" (hereinafter referred to as the "Disney Word Marks"). Disney possesses numerous Federal and state registrations for these marks in conjunction with a wide variety of goods and services including but not limited to theme park and resort services, travel-related goods, on-line services, books, newspapers, motion pictures, t.v. entertainment and related visual works. Some, but by no means all of the Federal Registrations concerning these marks are indexed as Exhibit "B". The Disney

Device Marks and Disney Word Marks will collectively be referred to as the "Disney Trademarks")

11.     As a result of advertising and sales, together with longstanding consumer acceptance, the Disney Trademarks identify Disney's products and authorized sales of these products and services. The Disney Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. The Disney Copyrighted Movies and Characters and Disney Trademarks will collectively be referred to as the Disney Properties. The revenue from products sold in the United States that use Disney Properties is substantial.

Defendant

12.     Defendant, Elena Maria Tarano d/b/a Orlandotickettips d/b/a Orlando Ticket Kings ("Tarano" or "Defendant"). Disney is informed and believes and upon that basis alleges that Tarano resides at 10810 Westbrook Drive, Orlando, FL 32821, and does business under the names Orlandotickettips LLC and Orlando Ticket Kings LLC at 7001 International Drive, FL 32819 and 6602 International Drive, Orlando, FL 32819.

INFRINGING CONDUCT

13.     Disney owns, operates and manages multiple theme parks in the Orlando area, including Magic Kingdom®, EPCOT® and Disney's Animal Kingdom®, Disney's Hollywood Studios®, Disney's Blizzard Beach and Disney's Typhoon Lagoon (hereinafter collectively referred to as the "Disney Theme Parks").

6

Disney sells admission tickets for both individual days and multiple days at the Disney Theme Parks. The multiple day tickets are nontransferable and must be used by the same person on all days that the ticket is used (hereinafter referred to as the "Original User"). This limitation on the multi-day tickets is an express condition of their sale. Moreover the condition of the multi-day tickets sale is written prominently on the back of each ticket as follows:

**Nontransferable. Must be used by the same person on any and all days...**

The multi-day Disney Theme Park admission tickets will hereinafter be referred to as "Multi-day Passes".

14.    Disney's sale of its Multi-day Passes to a specific Original User creates an enforceable contract between Disney and the Original User granting the Original User admission to the Disney Theme Park under certain conditions controlled by the terms of the Multi-day Passes.

15.    Tarano is engaging in the business of soliciting, offering for sale, distributing, buying and selling partially used Multi-day Passes.

16.    Upon information and belief, Tarano is aware that Disney's sale of the Multi-day Passes to the Original User creates an enforceable contract between Disney and the Original User.

17.    Tarano has solicited and purchased partially used Multi-day Passes from the Original User of the Multi-day Pass and then resold the Multi-day Pass to a second, non-authorized person, who in turn will attempt to use the Multi-day Pass

to gain admission to the Disney Theme Parks. By virtue of the Multi-day Passes being used by a second non-authorized person, the Multi-day Passes sold by Tarano are invalid (hereinafter referred to as the "Invalid Multi-day Passes").

18.     Tarano solicits, offers for sale, distributes, markets and advertises Invalid Multi-day Passes in conjunction with the unauthorized reproduction of Disney's Disney Trademarks and Disney Copyrighted Movies and Characters, so as to suggest that Invalid Multi-day Passes purchased, sold and distributed by the Tarano are authorized or approved by Disney.

19.     Tarano has intentionally sold the Invalid Multi-day Passes knowing that they are not authorized by Disney, that they do not authorize the re-purchaser to enter any of Disney's Theme Parks, and that they may subject the re-purchaser to be denied admittance to the Disney Theme Parks. Upon information and belief Tarano has further instructed re-purchasers of the Invalid Multi-day Passes on techniques to bypass Disney's security protocols and therefore utilize the Invalid Multi-Day Passes to gain entry to the Disney Theme Parks.

20.     Disney is informed and believes that on three separate occasions Tarano was arrested for the sale and offer for sale of Invalid Multi-Day Passes under Florida Statute §817.361 (the Invalid Multi-day Passes are referred to under this statute as Multiday or Multievent Tickets). Disney is also informed and believes that Tarano was adjudicated guilty under Fla. Stat. §817.361 for the resale of Invalid Multi-Day Passes on April 13, 2012. Based thereon Disney alleges that Tarano's

8

infringing conduct has continued despite such efforts and that her infringement of Disney's intellectual properties is willful.

21.     Tarano has sold, marketed, purchased and advertised the Invalid Multi-day Passes with full knowledge that these activities interfere with Disney's contract with the Original User and which causes damage and injury to Disney.

## COUNT I - COPYRIGHT INFRINGEMENT

22.     Disney brings the following claim for copyright infringement against the Defendants and incorporates by reference allegations 1 through 21 above.

23.     Tarano has have offered for sale, sold, distributed and marketed Invalid Multi-day Passes in conjunction with unauthorized copies, reproductions and/or display's of Disney's Disney Copyrighted Movies and Characters.

24.     Tarano has utilized unauthorized reproductions or copies of Disney's Copyrighted Movies and Characters to advertise, market, offer for sale and sell Invalid Multi-day Passes.

25.     Tarano has never been authorized by Disney to reproduce, display or utilize in any way its Disney Copyrighted Movies and Characters on or in conjunction with the sale or offer for sale of the Invalid Multi-day Passes.

26.     Tarano has reproduced, displayed and utilized marketing materials bearing unauthorized copies of its Disney Copyrighted Movies and Characters. Tarano committed her acts with actual as well as constructive knowledge of Disney's exclusive rights, and her actions have contributed to the infringing,

copying, duplication, sale, offer for sale, or rental of Invalid Multi-day Passes which also bear unauthorized reproductions of Disney's Copyrighted Movies and Characters. Each act by Tarano that infringes one of Disney's copyrights is the basis for a separate claim against the Defendant under the Copyright Act.

27.     Upon information and belief, Tarano's acts as alleged are willful infringements of and have irreparably harmed Disney's copyrights and exclusive rights and threaten further infringements and further irreparable harm to Disney's copyrights and exclusive rights. Further harm and injury to Disney is imminent, and Disney is without an adequate remedy at law with respect to such harm and injury. Unless Defendant's acts are enjoined and the illicit counterfeiters of the Disney Copyrighted Designs are stopped, it is highly probable that the Defendant, or others under Defendant's direction, will market, advertise, sell and offer for sale additional Invalid Multi-day Passes which bear or are sold in conjunction with Disney's copyrighted properties causing further irreparable injury to Disney.

28.     Tarano has obtained gains, profit, and advantages as a result of their wrongful acts noted above.

29.     Disney is entitled, at its option, to statutory damages as provided by 17.U.S.C. § 504 in lieu of actual damages and Tarano's profits.

## COUNT II - TRADEMARK INFRINGEMENT

30.     Disney brings the following claim of trademark infringement against Tarano and incorporates by reference paragraphs 1 through 21 and 23 through 29

and brings the following claim for trademark infringement pursuant to 15 U.S.C. § 1114 against the Defendant.

31.   Disney owns the exclusive rights to those trademarks indexed on Exhibit "B." All of the trademark registrations are in full force and effect and are owned by Disney. Many of the trademarks are incontestable pursuant to 15 U.S.C. § 1065.

32.   Disney, or those under its authority, manufacture and distribute all of its advertising, products and services in conformity with the provisions of the U.S. trademark laws.

33.   Notwithstanding Disney's well-known and prior common law and statutory rights in the trademarks, Tarano has, with actual and constructive notice of Disney's federal registration rights and long after Disney established its rights, adopted and used the trademarks in conjunction with its sale, marketing and offering for sale of Invalid Multi-day Passes in the State of Florida and interstate commerce.

34.   Tarano has marketed, advertised, purchased, distributed, sold or offered for sale Invalid Multi-day Passes bearing the Disney Trademarks without Disney's authorization. Defendant's marketing, advertising, distribution, sale or offer for sale of Invalid Multi-day Passes bearing the Disney Trademarks in Florida and in interstate commerce has and will cause likelihood of confusion, deception, and mistake in that the buying public will conclude that the Invalid Multi-day

11

Passes sold by Tarano are authorized, sponsored, approved, or associated with Disney.

35.     Said acts of infringement will cause irreparable injury to Disney if Tarano is not restrained by the Court from further violation of Disney's rights as Disney has no adequate remedy at law.

36.     Disney has suffered damages as a result of the Tarano's acts.

37.     Tarano's use in commerce of the Disney Trademarks in conjunction with the marketing, advertising, distribution, offer for sale of the Invalid Multi-day Passes is an infringement of Disney's registered trademarks in violation of 15 U.S.C. § 1114(1).

38.     Tarano committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Disney and its businesses.

COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT

39.     Disney brings the following claim of unfair competition against Tarano and incorporates by reference the allegations set forth in paragraphs 1 through 21, 23 through 29 and 31 through 38 above.

40.     As a direct result of Disney's longstanding use, sales, advertising, and marketing, the Disney Properties have acquired a secondary and distinctive meaning among the public who have come to identify the Disney Properties with Disney and its products.

41.     The Invalid Multi-day Passes that Tarano has advertised, marketed, sold and distributed have duplicated and appropriated the Disney Properties and confused the public into believing that Disney approved, authorized, or sponsored the Invalid Multi-day Passes.

42.     Tarano, by misappropriating and using the Disney Properties in connection with the marketing, advertising, distribution, promotion, offer for sale and sale of the Invalid Multi-day Passes, is misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of the Invalid Multi-day Passes. Defendant has caused such products to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from Disney and that the Invalid Multi-day Passes will authorize subsequent purchasers admission to the Disney Theme Parks.

43.     These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

44.     Tarano has obtained gains, profits, and advantages as a result of their unlawful acts.

45.     Disney has suffered monetary damages as a result of the Tarano's acts.

## COUNT IV - UNFAIR COMPETITION UNDER FLORIDA'S COMMON LAW

46.     Disney brings the following claim of unfair competition against Tarano and incorporates by reference the allegations set forth in paragraphs 1 through 21, 23 through 29, 31 through 38 and 40 through 45 of this Complaint.

47.     Disney has expended significant sums of money in advertising and marketing products featuring the Disney Properties and in creating a consumer demand for such products and services in Florida and elsewhere in the United States. Consequently, these products and services have become widely known and accepted.

48.     Tarano has marketed, advertised, distributed and sold unauthorized Invalid Multi-day Passes bearing copies of or in conjunction with the Disney Properties in Florida, thereby passing them off as products authorized or distributed by Disney and which Invalid Multi-day Passes will provide the subsequent user the right of admission to the Disney Theme Parks.

49.     Tarano has knowingly and willfully appropriated the Disney Properties in an effort to create the impression that Defendant's Invalid Multi-day Passes are sanctioned by Disney and to misappropriate all of the goodwill associated with the Disney Properties.

50.     Tarano's acts constitute unfair competition and will, unless enjoined by this Court, result in the destruction or dilution of the goodwill in the Disney

Properties and of Disney's valuable trademark rights to the unjust enrichment of the Defendant.

51.     The Invalid Multi-day Passes that are sold and or offered for sale by the Tarano are calculated and likely to deceive and mislead the purchasers who buy them in the belief that they originate with or are authorized by Disney.

52.     The continued passing off by Tarano of such unauthorized products as if such product originated from Disney has caused and, unless restrained, will continue to cause serious and irreparable injury to Disney.

53.     Disney has no adequate remedy at law and suffers irreparable harm as a result of the Defendants' acts.

54.     Disney has suffered damages as a result of the Defendants' acts.

55.     Tarano committed the alleged acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Disney and its business.

## COUNT V – TORTIOIUS INTERFERENCE WITH CONTRACT

56.     Disney brings the following claim of tortuous interference with contract against Defendants and incorporates by reference the allegations set forth in paragraphs 1 through 21 of this Complaint.

57.     There exists a contractual relationship between Disney and the Original User of its Multi-day Passes that is governed by the terms of the Multi-day Passes purchase terms. Those terms include the fact that a Disney Multi-day Pass is

not transferable from the Original User to a second or subsequent user. This condition of sale is prominently displayed on the back of Multi-day Passes.

58.    Tarano is aware that a contractual relationship exists between Disney and the Original User of Disney's Multi-day Passes. Further that the Multi-day Passes are not transferable from the Original User to a second or subsequent user.

59.    Tarano's marketing, sale, purchase, advertising, and offering for sale of Invalid Multi-day Passes to a second or subsequent individual, other than the Original User of a Disney Multi-day Pass unjustifiably interferes with Disney's contracts and business relationships with the Original User.

60.    Disney has suffered damage and injury as result of Tarano's tortuous interference with Disney's business relationships and contracts concerning its Multi-day Passes sales to original users.

PRAYER FOR RELIEF

WHEREFORE, Disney demands entry of a judgment against Tarano as follows:

1.    Permanent injunctive relief restraining Tarano, her officers, agents, servants, employees, attorneys, and all those in active concert or participation with her from:

a.    Further infringing the Disney Properties by marketing, advertising, distributing, circulating, selling, purchasing, offering for sale, renting, advertising, promoting, displaying, or otherwise disposing of any Multi-day Passes

16

not authorized by Disney, including, but not limited to, Invalid Multi-day Passes bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Disney Properties ("Unauthorized Products or Services");

       b.     Using any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Disney Properties in the promotion, advertisement, display, sale, offer for sale, rental, manufacture, purchase, production, circulation, or distribution of Unauthorized Products or Services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Disney or to any goods sold, manufactured, sponsored, or approved by or connected with Disney;

       c.     Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services distributed, offered for sale, or sold by the Defendants are in any manner associated or connected with Disney, or are sold, manufactured, licensed, sponsored, approved, or authorized by Disney;

       d.     Engaging in any other activity constituting unfair competition with or an infringement of any of the Disney Properties or of Disney's rights in, or to use or to exploit its Properties, or constituting any dilution of Disney's name, reputation, or goodwill;

       e.     Engaging in activity which interferes with Disney business relationships or contracts with Original User(s) of Disney's Multi-day Passes,

17

including but not limited to purchasing, reselling, offering for sale, distributing, and selling Multi-day Passes to second or subsequent users, or engaging in advertising or marketing to suggest that such activity is authorized or approved by Disney.

      f.      Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a. through e;

      g.      Secreting, destroying, altering, removing, or otherwise dealing with the Unauthorized Products or Services or any books or records that may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, renting, advertising, promoting, or displaying of all unauthorized products or services that infringe any of the Disney Properties; and

      h.      From aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon any of the Disney Properties.

      2.      Directing that Tarano deliver for destruction all Unauthorized Products or Services, including tickets, marketing materials, signs, prints, packages, dyes, wrappers, receptacles, and advertisements, in her possession or under her control bearing any of the Disney Properties or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making the same.

3.      Directing that Tarano report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Disney authorized or is related in any way to any products or services marketed, sold, rented, offered for sale, or otherwise circulated or promoted by Tarano.

5.      Awarding to Disney from Tarano, as a result of the Defendants' sale of Unauthorized Products or Services bearing the Disney Trademarks, three times Disney's damages and three times Tarano's profits, after an accounting, for the Disney Trademarks infringed upon by the Defendants pursuant to 15 U.S.C. § 1114 and § 1117.

6.      Awarding to Disney from Tarano, as a result of Tarano's sale of Unauthorized Products bearing the Disney Trademarks, three times Disney's damages and three times Tarano's profits, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

7.      That Disney be awarded from Tarano's profits, or at Disney's election, an award of statutory damages pursuant to 17 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750.00) nor more than Thirty Thousand Dollars ($30,000.00) per copyrighted property infringed upon by the Defendant, at the Court's discretion, or should this Court find that such infringement was willful, that

this Court, pursuant to its discretion, award statutory damages of up to One Hundred and Fifty Thousand Dollars ($150,000.00) for each copyrighted property infringed upon by the Defendant.

8.      Awarding to Disney its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 105.

9.      Awarding to Disney its costs in bringing this action.

10.     Awarding other such relief to Disney as this Court deems just.

Dated: June 7ᵗʰ, 2012

Michael W. O. Holihan
Florida Bar No.: 0782165
Stephanie Boomershine
Florida Bar No.:0046667
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
Facsimile: (407) 660-0510
*michael.holihan@holihanlaw.com*
*stephanie.boomershine@holihanlaw.com*

20